GILLESPIE, Chief Justice,
for the Court:
Mrs. Thelma Tyner sued the Mississippi State Highway Commission (Commission) demanding damages for damage to her property and a mandatory injunction requiring the Commission to install culverts on her property to carry water under her driveway. The Chancery Court of Newton County denied monetary damages but issued a mandatory injunction requiring the Commission to place two additional 24-inch culverts in the driveway on Mrs. Tyner’s property.
The Commission undertook a project to widen and overlay Highway 15 which runs in front of Mrs. Tyner’s property. In widening the highway, the Commission enlarged and extended portions of a drainage ditch and extended its culverts under the highway. It also concreted portions of the drainage ditch on the easterly side of its right-of-way which carried the water to a natural drain that runs from the highway right-of-way onto and across the Tyner property and under a driveway leading to the Tyner residence. These changes increased the velocity of the water but did not drain any additional area. The natural drainage ran under Mrs. Tyner’s driveway through a single 24-inch culvert. After the highway project was completed, Mrs. Tyner’s driveway washed out because of the increased velocity of the water and because the culvert was insufficient to carry the quantity of water going through the natural drainage and under her driveway. The chancellor found that there was no negligence on the part of the Commission; that there had always been some drainage problems associated with the drainage ditch that crossed a portion of Mrs. Tyner’s property; that due to the widening of Highway 15 and the enlarging and concreting of portions of the drainage ditch on the east side of the highway right-of-way, the velocity of the water was increased. The chancellor held that Mrs. Tyner was not entitled to any damages but ordered the Commission to install two additional 24-inch culverts the same length as the one culvert now located in Mrs. Tyner’s driveway.
The question is whether there is any liability on the part of the Commission where, without negligence, in the proper use of its right-of-way, it increased the velocity of the water that ran into the natural drain across Mrs. Tyner’s property.
It is well established in this jurisdiction and others that the owners of land along the border of a natural water course may accumulate surface waters and cast them into the natural drainage or water course without liability to the lower riparian owner, even though the flow of the water is accelerated and the volume increased. Board of Drainage Commissioners v. Board of Drainage Commissioners, 130 Miss. 764, 95 So. 75 (1922); 78 Am.Jur.2d, Waters § 132 at 580 (1975). The record is clear that the culvert under Mrs. Tyner’s driveway is insufficient to accommodate the flow of water. This was not the Commission’s responsibility but Mrs. Tyner’s.
For the reasons stated, we find as a matter of law there was no duty upon the Commission to install additional culverts on Mrs. Tyner’s property. The decree is reversed and the bill of complaint dismissed.
REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.